STRUCK WIENEKE & LOVE, PLC
Daniel P. Struck *(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@swlfirm.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 229-0961
Cell: (801) 330-0463
Fax: (949) 861-7622
ethannelsonesq@gmail.com

Attorneys for Defendant CoreCivic

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jemy Attallah,<br><br>                        Plaintiff,<br><br>v.<br><br>United States of America, acting through its agencies;<br>Customs and Border Protection;<br>Doe Officers 1 through 20; inclusive;<br>Immigration and Customs Enforcement;<br>Doe Agents 1 to 20, inclusive;<br>and Corrections Corporation of America, Inc., a Maryland corporation,<br><br>                        Defendants. | NO. 3:17-cv-00554-MMA-AGS<br><br>**DEFENDANT CORECIVIC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:       August 7, 2017<br>Time:       2:30 p.m.<br>Courtroom: 3D<br>Judge:      Hon. Michael M. Anello |

Defendant CoreCivic, through counsel, moves this Court to dismiss Plaintiff's Complaint, pursuant to Fed.R.Civ.P. 12(b)(6), because it is untimely and otherwise fails to state plausible claims.  First, Plaintiff filed his Complaint more than 2 years after his claims accrued.  Second, Plaintiff's constitutional claims, raised exclusively under 42 U.S.C. § 1983, fail because, at all relevant times, CoreCivic was operating as a federal actor at the "behest of the Defendant United

States" (Dkt. 1, ¶ 49), not as a state actor. Thus, § 1983 does not apply. Third, each of his underlying claims against CoreCivic fail to meet the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, Plaintiff's claims against CoreCivic must be dismissed.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   COMPLAINT ALLEGATIONS[1]

Plaintiff alleges he "entered the United States via Mexico on a waiver visa, which allowed him to enter the United States for 3 months." (Dkt. 1, ¶ 18.) On September 19, 2013, United States Customs and Border Patrol ("CBP") officers detained Plaintiff "in the course of scope of their employment with Defendants UNITED STATES, CBP, and [Immigration and Customs Enforcement ("ICE")]." (*Id.*, ¶¶ 7, 19.) Plaintiff was then taken to the East Mesa Detention Facility ("East Mesa"), which is owned and operated by CoreCivic, where he was detained from September 19, 2013 to June 10, 2014, and was placed in removal proceedings. (*Id.*, ¶¶ 20-21, 23.) Plaintiff alleges that, during his detention, his "laptop was damaged," and that his "eyes were damaged from conditions at CCA, in addition to a lack of proper medical care." (*Id.*, ¶ 21.)

On March 20, 2017, Plaintiff filed a Complaint against the United States, CBP, ICE, and CoreCivic. (Dkt. 1.) Plaintiff raises two claims against CoreCivic. Count I alleges violations of Plaintiff's Fourth and Fifth Amendment rights. Plaintiff alleges his detention was "unlawful" and that he was "deprived of his liberty without due process of law." (*Id.*, ¶¶ 34-36.) These constitutional claims are raised exclusively pursuant to § 1983. (*Id.*, at 7 & ¶ 36.) (*Id.*, ¶¶ 31-32, 34-37.) In Count III, Plaintiff alleges CoreCivic falsely imprisoned him ("without good

---

[1] "In assessing whether a party has stated a claim upon which relief can be granted, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party; but 'conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal.'" *Turner v. City & County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (quoting *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009)).

cause or legal authority"), in violation of California state law, because he did not consent to his detention. (*Id.*, ¶¶ 49-53.)

## II. PLAINTIFF'S COMPLAINT IS UNTIMELY.

In California, the statute of limitations for an action for false imprisonment is one year. *See* Cal. Civ. Proc. Code § 340(c). "California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. § 1983." *Colony Cove Properties, LLC v. City Of Carson*, 640 F.3d 948, 956 (9th Cir. 2011). "In California, personal injury claims that accrued after January 1, 2003, are subject to a two-year statute of limitations." *Id*. (citing Cal. Civ. Proc. Code § 335.1). Thus, the statute of limitations for Plaintiffs § 1983 claims is two years. Here, Plaintiff's claims accrued—at the latest—upon his release from East Mesa on June 10, 2014. (Dkt. 1, ¶ 23.) He did not file his Complaint, however, until March 20, 2017, *nearly three years later*. Consequently, his suit is time barred.

## III. PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED.

### A. Because CoreCivic Was a Federal, Not State, Actor, Plaintiff Cannot Bring Any Claim Under § 1983.

The constitutional claims raised in Count I are brought pursuant to § 1983. (Dkt 1, at 7 & ¶ 36.) But to state a claim under § 1983, a plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Private entities acting under color of federal law are not subject to suit under § 1983. *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016). Here, Plaintiff affirmatively alleges that CoreCivic was acting under color of *federal* law, not state law.

Plaintiff specifically and unequivocally alleges: "At all times relevant to the acts and omissions herein alleged, Defendant CCA was and is a contractor of Defendant UNITED STATES, and was acting under color of law and in the course and scope of employment as contractors with the UNITED STATES" (Dkt 1, ¶ 12); "[E]ach of the Defendants [CCA] was the agent and/or employee … of each of the

remaining Defendants [United States, CBP, ICE], and in doing the things hereinafter alleged was acting within the scope of such agency, employment … and with the permission and consent of other co-Defendants [United States, CBP, ICE]") (*Id*., ¶ 14); "Plaintiff was detained by Defendants DOE OFFICERS and DOE AGENTS, acting under color of law and while on duty and in the course of scope of their employment with Defendants UNITED STATES, CBP and ICE" (*Id*., ¶¶ 19, 28-30); "[A]t all times mentioned herein, Defendant UNITED STATES employed Defendant CCA as a government contractor. CCA provided CCA employees with an official badge and identification card, which designated and described CCA employees as an employee of the CCA, a government contractor" (*Id*., ¶ 31); "[A]t all times relevant to the acts and omissions herein alleged, Defendant CCA was contracted by Defendant UNITED STATES, and were acting under color of law granted by their contract and in the course and scope of their contract with the UNITED STATES" (*Id*., ¶ 32.); "Defendant CCA, acting at the behest of Defendant United States … held Plaintiff in custody" (*Id*., ¶ 49).

Thus, there is no dispute that, at the time of the alleged incident, Plaintiff was a federal detainee in the custody of the federal government (ICE and/or CBP), and was detained at a private facility pursuant to a contract with the federal government. Accordingly, CoreCivic was acting under color of federal law in detaining Plaintiff, and, therefore, cannot be liable under § 1983. *See Doe*, 831 F.3d at 317 (dismissing § 1983 claims against CoreCivic because it was acting under color of federal law in housing ICE detainees); *Guzman-Martinez v. Corr. Corp. of Am.*, CV-11-02390-PHX-NVW, 2012 WL 5907081, at *11 (D. Ariz. Nov. 26, 2012) (same); *Bromfield v. McBurney*, No. C07-5226RBL-KLS, 2008 WL 2746289, at *9 (W.D. Wash. July 8, 2008) (employees of private administrator of federal immigration detention center were federal actors because "the power to detain immigrants is derived solely and exclusively from federal authority" and therefore employees acted as the federal government's "alter ego" in detaining plaintiffs); *Jama v. U.S.*

*I.N.S.*, 343 F. Supp. 2d 338, 362 (D.N.J. 2004) (in action brought by undocumented aliens detained at facility operated by private correctional company, court held that private company employees "were federal actors because they were employees of a corporation performing governmental functions pursuant to a contract with the INS"); *see also Fabian v. Dunn*, No. SA-08-269-XR, 2009 WL 2461207, at *5 (W.D. Tex. Aug. 6, 2009) (in action brought by illegal immigrants detained by U.S. immigration authorities and housed at private correctional facility, court found private facility employees' argument that they were not federal actors unpersuasive).[2]

### B.   Plaintiff Has Failed to State a Fourth or Fifth Amendment Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. A complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Plaintiff's Complaint makes no connection between the relied-upon constitutional amendments (the Fourth and Fifth Amendments), the factual allegations, and CoreCivic. *See Rizzo v. Goode,* 423 U.S. 362, 371-72 (1976) (to establish constitutional liability, a plaintiff still must prove that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of the defendant). Plaintiff asserts he was detained at East Mesa "without cause" (Dkt. 1, ¶ 21) and contends elsewhere that he was deprived of his "right to be free from unreasonable seizure" (Id., ¶¶ 35-36)

---

[2] Granting Plaintiff leave to amend in order to raise a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), is futile because *Bivens* does not apply to claims against a private prison acting under color of federal law. *See Corr. Services Corp. v. Malesko*, 534 U.S. 61, 71 (2001).

under Count I, which is made against all Defendants (*Id*., at ¶ 7). Plaintiff, however, admits that he was "seized and detained" by and in the "custody" of the federal Defendants (Id., ¶¶ 19, 34, 42-43) and that he was merely housed at East Mesa, which is owned and operated by CoreCivic (Id., ¶¶ 21, 34, 42).  Assuming his Fourth Amendment claim is grounded in his "without cause" allegation and that Plaintiff intended to extend that claim to CoreCivic, he fails to allege how CoreCivic is liable for his initial seizure, and does not explain what "cause" was lacking.  If he is grounding his Fifth Amendment due process claim on that allegation, it is belied by his allegation that he was afforded removal proceedings, granted political asylum, and released.  (Id., ¶¶ 20, 22, 23.)

Plaintiff also alleges that, during his detention at East Mesa, his "laptop was damaged," his "eyes were damaged from conditions," and there was "lack of proper medical care." (Dkt. 1, ¶ 21.)  Elsewhere in his Complaint, he alleges CoreCivic "acted in a manner that demonstrated deliberate indifference to [his] constitutional rights" and was "harmed physically and mentally" as a result of his detention. (Id., ¶ 34.)  These allegations are presumably the basis for Plaintiff's Fifth Amendment due process claim—that he was "deprived of his liberty without due process of law." (Id., ¶¶ 35-36.)  Assuming that is true, Plaintiff provides no factual allegations explaining the circumstances surrounding his damaged laptop or eyes, or the lack of medical care.  These are merely conclusory allegations. *See Morman v. Dyer*, 16-CV-01523-SI, 2017 WL 1233329, at *5 (N.D. Cal. Apr. 4, 2017) (due process claim alleging defendant negligently or intentionally damaged inmate's property fails where inmate, like inmates in California, have a post-deprivation remedy for the loss); *See also Estate of Prasad ex rel. Prasad v. Cty. Of Sutter,* 958 F.Supp. 2d 1101, 1112 (E.D. Cal. 2013) (To establish deliberate indifference, a detainee must show (1) a serious medical need and (2) a deliberately indifferent response, such as defendants' "den[ial], delay or intentional interference with medical treatment") (internal citations omitted).

### IV. PLAINTIFF'S STATE LAW CLAIM SHOULD BE DISMISSED.

"To state a claim for false imprisonment [under California law], a plaintiff must allege he was restrained by another without proper authority, and the restraint was completely unlawful and without authority." *Moore v. Gipson*, 1:13-CV-01820-BAM, 2014 WL 6893885, at *11 (E.D. Cal. Dec. 8, 2014) (citing *Collins v. County of Los Angeles*, 241 Cal.App.2d 451, 459-60 (Cal. App. 1966)).

Here, Plaintiff alleges that CoreCivic detained him "without good cause or legal authority." (Dkt. 1, ¶ 49.) But, he fails to set forth any facts or circumstances surrounding his initial detention, and alleges only that Plaintiff entered the United States via Mexico on a "waiver visa." (*Id*., ¶ 18.) Thus, he has failed to plead sufficient facts showing that his initial detention was unlawful; instead, he concludes that it was. Furthermore, Plaintiff affirmatively alleges CoreCivic was "acting at the behest of" the federal government in detaining him. (Id., ¶ 49.) Thus, CoreCivic was acting with proper authority. Plaintiff, therefore, cannot bring a state law claim for false imprisonment against CoreCivic, and Count III of Plaintiff's Complaint must be dismissed.

### V. CONCLUSION

For these reasons, Defendant CoreCivic respectfully requests that Plaintiff's claims be dismissed.

DATED this 29th day of June, 2017.

By   s/ Daniel P. Struck
Daniel P. Struck
Struck Wieneke & Love, PLC
dstruck@swlfirm.com

Ethan H. Nelson
Law Office of Ethan H. Nelson
ethannelsonesq@gmail.com

Attorneys for Defendant CoreCivic

3339302.1