**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEMY ATTALLAH,<br><br>                              Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA; CUSTOMS AND BORDER PROTECTION; IMMIGRATION AND CUSTOMS ENFORCEMENT; and CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>                              Defendant. | Case No.: 17CV554-MMA (AGS)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 7] |

Plaintiff Jemy Attallah filed this action against Defendants the United States of America, Customs and Border Protection, Immigration and Customs Enforcement, and Corrections Corporation of America, Inc.[1] *See* Doc. No. 1. On June 29, 2017, Defendant Corrections Corporation of America, Inc. ("Defendant Corrections Corporation") filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 7. The Court set the motion for hearing on August 7, 2017, meaning that Plaintiff was required to file a response in opposition on or before July 24, 2017. *See* Civ. LR 7.1(e)(2) (stating that "each party opposing a motion . . . must file that opposition or statement of non-opposition . . . not later than fourteen (14) *calendar* days

---

[1] Counsel contends that Defendant Corrections Corporation of America, Inc. is now "CoreCivic." *See* Doc. Nos. 7, 9. For consistency, and the purposes of this Order, the Court refers to this entity as Corrections Corporation of America, Inc. as the entity is currently reflected on the docket as such.

prior to the noticed hearing"). Plaintiff has not yet filed an opposition brief or a statement of non-opposition in response to Defendant Corrections Corporation's motion to dismiss. As a result, Defendant requests the Court grant its unopposed motion to dismiss. *See* Doc. No. 9.

The Ninth Circuit has held that a district court may grant an unopposed motion to dismiss where a local rule permits, but does not require, it to do so. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Here, Civil Local Rule 7.1.f.3.c provides, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting Defendant's motion on the basis of Plaintiff's failure to oppose.[2] Generally, public policy favors disposition of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12 motion. Accordingly, the Court **GRANTS** Defendant's unopposed motion to dismiss, and **DISMISSES** Plaintiff's claims as to Defendant Corrections Corporation without prejudice.

**IT IS SO ORDERED.**

Dated: July 31, 2017

Hon. Michael M. Anello
United States District Judge

---

[2] Also, Plaintiff's failure to comply with the provisions of Civil Local Rule 7.1.e.2 constitutes a failure to comply with the provisions of this Court's Local Rules, which serves as an additional basis for dismissal under Civil Local Rule 41.1.b.