1  ALANA W. ROBINSON
   Acting United States Attorney
2  ERNEST CORDERO, JR.
   Assistant U.S. Attorney
3  Cal. State Bar No. 131865
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 546-7478
   Facsimile: (619) 546-7751
6  Email: ernest.cordero@usdoj.gov

7  Attorneys for Federal Defendants

8

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11  JEMY ATTALLAH,                          Case No.:  17cv0554-MMA (AGS)

12                    Plaintiff,            **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN SUPPORT OF**
13        v.                                **MOTION TO DISMISS COMPLAINT**

14                                          DATE: November 13, 2017
    UNITED STATES OF AMERICA, et al.,       TIME:  2:30 p.m.
15                                          CTRM: 3D
                      Defendants.
16                                          [NO ORAL ARGUMENT REQUESTED]

17

18                                          Hon. Michael M. Anello

19

20

21

22

23

24

25

26

27

28

# I.

# INTRODUCTION

This suit arises out of Plaintiff Jemy Attallah's detention during his removal and asylum proceedings. Attallah alleges claims against the United States, its agencies and unnamed individual federal law enforcement officers (collectively, "Federal Defendants").[1] Because his efforts to plead viable claims is futile, the Complaint should be dismissed.

First, Attallah's Complaint fails to state a plausible claim against the Federal Defendants. Although Attallah seeks to recover for his alleged unlawful detention, Attallah does not plead facts demonstrating his detention was wrongful. Additionally, to the extent he sues for alleged tortious acts committed by CCA, the United States cannot be held liable for that conduct because of the contractor exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1364, 2671 et seq.  The Court lacks subject matter jurisdiction over such claims.

There also is no subject matter jurisdiction to hear Attallah's FTCA claim against Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP").[2] The United States, not its agencies, is the only proper defendant to an FTCA claim. Subject matter jurisdiction also is lacking for Attallah's claim against the Federal Defendants brought under 28 U.S.C. § 1983. That statute applies only to actions taken by state actors, not federal officials.

---

[1] The Complaint also alleges claims against Corrections Corporation of America, now known as "CoreCivic." (*See* CoreCivic's Notice of Motion, p. 1, n. 1, ECF No. 7.) The Court already has granted CoreCivic's Motion to Dismiss.  (*See* ECF No. 10.) Since the Complaint refers to CoreCivic as "CCA," this brief will refer to the entity as CCA for the sake of consistency.

[2] ICE is named as an individual defendant in the caption of the Complaint. Although CBP also appears in the caption, it is not clear whether Attallah intended the agency to be a defendant or just sought to indicate that Defendant United States was "acting through CBP."

1  Even if the Court construes Attallah's Section 1983 claim as one brought under
2  *Bivens*,[3] it must be dismissed as to ICE and CBP because federal agencies are not proper
3  defendants to such a claim. The United States also is not a proper party. To the extent the
4  claim is alleged against unknown "DOE" officers and agents of ICE and CBP, it is barred
5  by the two-year statute of limitations. Furthermore, the Court should dismiss all claims
6  arising out of Attallah's removal proceedings pursuant to 8 U.S.C. § 1252(g). Through this
7  statute, Congress divested courts of jurisdiction over claims arising out of the Attorney
8  General's decision or action to commence removal proceedings, adjudicate cases, or
9  execute removal orders against non-citizens such as Attallah.

## II.

## BACKGROUND FACTS ALLEGED IN COMPLAINT[4]

12  On September 19, 2013, unknown CBP and ICE agents and officers detained
13  Attallah.  (Complaint, ECF No. 1, ¶ 19.)  They did so while acting under color of law and
14  within the course and scope of their employment.  (*Id*.)  The officers and agents took
15  Attallah to the East Mesa Detention Facility ("EMDF") owned and operated by Defendant
16  CCA, a contractor of the United States.  (*Id*., ¶ 20.)  CCA was acting under color of law and
17  within the scope of its contract with the United States.  (*Id*., ¶ 32.)  While at EMDF, Attallah
18  was placed in removal proceedings.  (*Id*., ¶ 20.)

19  From September 19, 2013 to June 10, 2014, CCA held Attallah at the EMDF without
20  cause. (*Id*., ¶¶ 21, 34.) During his detention, Attallah's laptop was damaged. (*Id*.) His failure
21  to receive proper medical care from CCA also resulted in damage to his eye.

---

[3]  In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court established an implied private right of action against federal officials for tortious deprivations of constitutional rights. *Bruns v. National Credit Union Administration*, 122 F.3d 1251, 1255 (9th Cir. 1997).  *Bivens* is the federal analog to suits brought against state officials under 42 U.S.C. § 1983.  *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006).

[4]  For purposes of this Motion to Dismiss only, Defendant will assume the facts alleged in the Complaint to be true.

1   While in detention, Attallah applied for political asylum. (*Id.*, ¶ 22.) On June 9, 2014,

2   Immigration Judge ("IJ") Zsa Zsa DePaolo granted Attallah asylum. (*Id.*)   Attallah was

3   released from the EMDF on June 10, 2014.  (*Id.*, ¶ 23.)  At no time did Attallah consent to

4   his detention or perform any actions to justify harm to his person or property.  (*Id.*, ¶¶ 23-

5   24.)

## III.

## THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM AGAINST THE FEDERAL DEFENDANTS

10   To sufficiently state a claim for relief, the pleading "does not need detailed factual

11   allegations," however, the "[f]actual allegations must be enough to raise a right to relief

12   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

13   Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action

14   will not do[.]" *Id.* (citations omitted). Rather, there must be "enough facts to state a claim

15   to relief that is plausible on its face." *Id.* at 570.

16   Here, Attallah alleges he entered the United States via Mexico on September 19, 2013

17   on a waiver visa which purportedly allowed him to stay in the United States for 3 months.

18   (Complaint, ¶ 18.)[5] On the same day, he was detained by DOE OFFICERS and sent to the

19   EMDF owned and operated by Defendant CCA. (*Id.*, ¶ 19-20.) He also was placed in

20   removal proceedings. (*Id.*, ¶ 20.) Attallah was detained at the facility from September 19,

21   2013 through June 10, 2014. (*Id.*, ¶ 21.) During that time, he applied for political asylum.

---

[5] What Attallah apparently refers to is an admission under the Voluntary Waiver Program
("VWP"). The VWP allows certain aliens who are nationals of program countries to enter
the United States without a visa. 8 U.S.C. § 1187(a)(2). Admission is subject to numerous
restrictions, including the presentation of both a valid passport from a qualifying country
that offers reciprocal rights to American citizens and a return ticket for departure from the
United States within ninety days. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1079 (9th Cir. 2016)
(describing the VWP). The VWP requires the alien to agree not to challenge any action for
removal or contest an immigration officer's determination of admissibility other than on the
basis of an application for asylum. *Id.*

1    (*Id*., ¶ 22.) Attallah was granted asylum on June 9, 2014. (*Id*., ¶ 22.) He was released from

2    the detention facility the following day. (*Id*., ¶ 23.)

3            Although Attallah brings claims against the Federal Defendants based on an alleged

4    unreasonable seizure and detention, those claims are supported solely by conclusory

5    assertions and boilerplate allegations.  Nowhere does Attallah plead the reasons why his

6    detention constituted an unreasonable seizure. In particular, he does not cite to a statute or

7    regulation prohibiting his detention while he applied for asylum. He also does not allege

8    that he met the requirements for admission under the VWP.

9            In sum, Attallah has not alleged an unlawful detention.  Under the facts of the

10   Complaint, it is more plausible that Attallah was properly detained during the adjudication

11   of his asylum application. *See Gomez Zuluaga v. Gonzales*, 2007 WL 2746831, at \*2 (D.

12   N.J. Sept. 14, 2007) ("[T]he Secretary has broad discretionary power to decide that an

13   inadmissible VWP applicant, such as Petitioner, should be placed in detention pending the

14   outcome of her asylum proceedings."); *see also Zuluaga*, 2007 WL 2746831, at \*2 (VWP

15   inadmissible alien is subject to detention under 8 U.S.C. § 1226 which provides for the

16   arrest and detention of an alien pending a decision on removal).  Because Attallah has not

17   alleged a plausible claim against the Federal Defendants arising from his detention, the

18   Complaint should be dismissed.

                                                  **IV.**

19

20   **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE FTCA**
     **CLAIM AGAINST THE FEDERAL AGENCIES AND DOE DEFENDANTS**
21

22
         **A.      The United States, not its Agencies, is the only Proper Defendant to an**
23              **FTCA Claim**

24           The United States is the only proper defendant to an FTCA claim. *Lance v. United*

25   *States*, 70 F.3d 1093, 1095 (9th Cir.1995); *Kennedy v. United States Postal Serv*., 145 F.3d

26   1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant

27   to an FTCA action, the district court correctly dismissed [the] complaint as improperly filed

28

1    against the Postal Service...."). Suit against the United States is the exclusive remedy for

2    torts committed by federal agencies and federal employees acting within the scope of their

3    duties. 28 U.S.C. 2679(b)(1).

4         Here, Attallah's second cause of action is brought under the FTCA. He has named

5    ICE and CBP as defendants. He also has sued unnamed Federal DOE defendants. Because

6    neither the agencies nor individuals are proper defendants, they should be dismissed.

7

8                                          **V.**

9    **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER**
     **ATTALLAH'S 42 U.S.C. § 1983 CLAIM ALLEGED AGAINST THE FEDERAL**
10                              **DEFENDANTS**

11

12        Attallah's Section 1983 claim against the Federal Defendants fails because, by its

13   very terms, the statute does not apply to federal government actors. *Morse v. N. Coast*

14   *Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (finding the plaintiff's complaint

15   invalid on its face when Section 1983 cause of action alleged against federal government

16   actors). As provided in Section 1983:

17

18            Every person who, under color of any statute, ordinance,
             regulation, custom, or usage, of any **State or Territory or**
19           **the District of Columbia**, subjects, or causes to be
             subjected, any citizen of the United States or other person
20           within the jurisdiction thereof to the deprivation of any
             rights, privileges, or immunities secured by the
21           Constitution and laws, shall be liable to the party
             injured….
22

23

24   42 U.S.C. § 1983 (in pertinent part) (emphasis added).

25        Under established law, federal officials can be liable under Section 1983 only where

26   there is a sufficiently close nexus between their challenged actions and State conduct. *See*

27   *Ibrahim v. Dept. of Homeland Security*, 538 F.3d 1250, 1257 (9th Cir. 2008). Here, the

28

1  Complaint does not plead any nexus between federal actors and the State. As a consequence,

2  the Section 1983 claim should be dismissed as to the Federal Defendants.

3

4  **VI.**

5  **EVEN IF THE COURT TREATS ATTALLAH'S 28 U.S.C. § 1983 CLAIM AS ONE**

6  **BROUGHT UNDER *BIVENS*, THE CLAIM STILL FAILS AS AGAINST THE**
   **FEDERAL DEFENDANTS**

7

8  Even if the Court were to treat the Section 1983 claim as one brought under *Bivens*,

9  the Supreme Court has declined to extend *Bivens* remedies to federal agencies or the United

10  States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996 (1994); *Cato v. United*

11  *States* 70 F.3d 1103, 1110 (9th Cir. 2005). Therefore, Attallah cannot bring a *Bivens* action

12  against the United States, ICE or CBP.

13  Insofar as Attallah attempts to assert a *Bivens* claim against any individual DOE

14  Federal Defendant, the claim would be time-barred.  *Bivens* claims are treated as personal

15  injury claims. *See Van Strum v. Lawn*, 940 F.2d 406, 408–10 (9th Cir.1991) (holding that

16  "the personal injury statute of limitations properly applies to *Bivens* claims."). Courts apply

17  the statute of limitations of the forum state. *Papa v. United States*, 281 F.3d 1004, 1009 (9th

18  Cir. 2002). In California, the statute of limitations for personal injury claims is two years.

19  *Aguirre-Palacios v. Doe No. 1*, 2014 WL 584265, *4 (S.D. Cal. Feb. 11, 2014); Cal.Code

20  Civ. Pro. § 335.1. Pursuant to California Code of Civil Procedure § 352.1, the applicable

21  statute of limitations is tolled "for a maximum of 2 years" during a prisoner's incarceration.

22  Here, Attallah was detained at the EMDF from September 19, 2013 through June 10,

23  2014.  (Complaint, ¶ 21.) He was in detention twelve days in September and ten days in

24  June 2012 for a total of twenty-two days.  He also spent eight full months from October

25  2012 through May 2013 at the detention facility. Therefore, his total time detained was eight

26  months and twenty-two days.  No tortious conduct is alleged to have taken place after his

27  release. Assuming California's prisoner tolling statute applies, Attallah had 2 years

28

(personal injury limitations period), eight months and twenty-two days to file suit. However, Attallah did not file this case until March 20, 2017 (*see* Complaint, ECF No. 1.) – more than two years, eight months and twenty-two days after his release on June 10, 2014. Because Attallah's *Bivens* claims are time-barred, they should be dismissed.

**VII.**

**PURSUANT TO 8 U.S.C. § 1252(g), THE COURT LACKS SUBJECT MATTER JURISDICTION OVER ALL CLAIMS ARISING OUT OF ATTALLAH'S REMOVAL PROCEEDINGS AND DETENTION**

Congress has divested courts of jurisdiction over claims arising out of the Attorney General's decision or action to commence proceedings, adjudicate cases, or execute removal orders against non-citizens. *See* 8 U.S.C. § 1252(g). "Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm. ("AADC")*, 525 U.S. 471, 485 n.9 (1999); *see also Barahona-Gomez v. Reno*, 236 F.3d 1115, 1119 (9th Cir. 1999) ("Section 1252(g) was aimed at preserving prosecutorial discretion."). Specifically, 8 U.S.C. § 1252(g) provides as follows:

> [N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).[6]

Section 1252(g) is not limited to removal orders issued by an immigration judge in formal administrative proceedings; instead, that section also applies to removal procedures

---

[6] On March 1, 2003, USCIS officially assumed responsibility for the immigration service functions of the federal government. The Homeland Security Act of 2002 (Pub. L. No. 107-296, 116 Stat. 2135) dismantled the former INS and separated the former agency into three components within the Department of Homeland Security ("DHS").

initiated and executed by immigration officers without review by an immigration judge. *Sissoko v. Rocha*, 509 F.3d 947, 949 (9th Cir. 2007) (§ 1252(g) applies to decision to commence "expedited removal proceedings"); *see also Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) (decision of whether and when to commence deportation proceedings is covered by § 1252(g)'s jurisdiction-stripping provision).

Section 1252(g) only applies to the "three discrete events along the road to deportation" and must be interpreted narrowly. *AADC*, 525 U.S. at 482-83. "[I]ssues arising outside the decision or action by the Attorney General to commence, adjudicate, or execute removal orders are collateral to the removal proceedings, and therefore are not subject to section 1252(g)'s jurisdictional bar." *Galos v. Napolitano*, 2013 WL 451647, at *3 (N.D. Cal. Feb. 5, 2013).

Courts have applied the jurisdiction-stripping provision of § 1252(g) to claims under the FTCA, *Bivens*, and to claims seeking writs of mandamus. *Magallanes v. United States*, 184 F. Supp. 3d 1372, 1376 (N.D. Ga. 2015). For example, in *Sissoko v. Rocha*, 509 F.3d 947 (9th Cir. 2007), the Ninth Circuit held that under § 1252(g), the district court lacked jurisdiction over the plaintiff's Fourth Amendment false arrest claim arising out of an immigration inspector's decision to commence expedited removal proceedings. *Id*. at 949-51. The Ninth Circuit so held even though the conduct at issue, if proven, allegedly violated the Constitution. *See also Zhou v. Holder*, 2013 WL 3923446, at *8 (C.D. Cal. July 26, 2013) (jurisdictional bar of § 1252(g) extends to claim that removal violated plaintiff's Fourth and Fourteenth Amendment rights). Claims that bear no more than a remote relationship to the removal and enumerated actions - such as those for excessive force during detention - do not fall within the scope of § 1252(g). *Alcaraz v. United States*, 2013 WL 4647560, at *3 (N.D. Cal. Aug. 28, 2013) (citing *Humphries v. Various Federal USINS Employees*, 164 F.3d 936, 944 (5th Cir. 1999)).

Consistent with *Sissoko*, courts have found a lack of subject matter jurisdiction under Section 1252(g) even when removal proceedings violated directives and regulations. *See e.g., Guanlao v. Zedde*, 2016 WL 6469320, at *5 (D.N.Mar.I. Oct. 31, 2016) (immigration

1    officers' failure to follow standards in directive from ICE director when commencing

2    removal proceedings was not reviewable due to § 1252(g)); *Alcaraz*, 2013 WL 4647560, at

3    *2 (claim based on decision to execute a removal order in violation of a stay was not

4    reviewable due to Section 1252(g)).

5         Here, Attallah was detained when he was placed in removal proceedings.  (*See*

6    Complaint, ¶ 20.)  While in detention, he applied for asylum. (*Id*., ¶ 22.) Because removal

7    is one of the enumerated acts referenced in Section 1252(g), Attallah's placement in

8    removal proceedings clearly falls under the jurisdiction stripping language of the statute.

9    Attallah's detention also cannot give rise to suit within the Court's subject matter

10   jurisdiction. *See MacDonald v. United States*, 2011 WL 6783327, at *6 (S.D. Cal. Dec. 23,

11   2011) ("challenge to confinement during removal proceedings is one such decision or action

12   [falling within § 1252(g)] because it stems directly from the Attorney General's decision to

13   commence the removal proceedings") (citing *Sissoko*, 509 F.3d at 950); *Yang v. United

14   States*, 2010 WL 11463156, at *5-6 (C.D. Cal. Sept. 8, 2010) (same); *Valencia-Mejia v.

15   United States*, 2008 WL 4286979, at *4 (C.D. Cal. Sept. 15, 2008) (same).  Because the

16   Court lacks subject matter jurisdiction over Attallah's claims arising out of his detention

17   and removal proceedings, the first and second causes of action should be dismissed as to

18   the Federal Defendants.

**VIII.**

19

20   **DUE TO THE FTCA'S "CONTRACTOR EXCEPTION," THE COURT LACKS
     SUBJECT MATTER JURISDICTION OVER ATTALLAH'S FTCA CLAIM
21   THAT ARISES OUT OF THE WRONGFUL ACTS OF CCA**

22        The FTCA is a limited waiver of sovereign immunity. *United States v. Orleans*, 425

23   U.S. 807, 813 (1976). The Act covers injuries caused by the negligent or wrongful acts or

24   omissions of government employees acting within the course and scope of their

25   employment.   28 U.S.C. § 1346(b). Excluded from the definition of employees are

26   contractors. 28 U.S.C. § 2671.

27

28

Here, CCA was a contractor of the United States at the time of the relevant events. (Complaint, ¶ 12.) As such, CCA does not fall within the FTCA's coverage. *See Gibbs v. Corrections Corp. of America*, 2013 WL 1661562, *2 (M.D. Tenn. April 17, 2013) ("The definition [of government employee] does not include independent contractors such as **CCA**, or the employees of independent contractors.") (emphasis added); *Hernandez v. United States*, 2012 WL 262681, at *2 (N.D. Ohio Jan. 27, 2012) (same). To the extent Attallah seeks to hold the United States liable for any tortious conduct of CCA, he cannot do so.

> The actions that give rise to Plaintiff's tort claim were committed by employees of **CCA**, an independent contractor…. Consequently, the United States is not liable for these acts pursuant to the FTCA, and the claim against he United States must be dismissed.

*De la Cruz v. United States*, 2011 WL 2433583, at *2 (N.D. Ohio June 12, 2011) (emphasis added). Here, Attallah's claims against the United States should be dismissed to the extent they are based on conduct of CCA.

## IX.

## CONCLUSION

For the foregoing reasons, the entire Complaint should be dismissed as to the Federal Defendants.


Dated:  September 25, 2017                    Respectfully submitted,

                                             ALANA W. ROBINSON
                                             Acting United States Attorney

                                             */s/ Ernest Cordero, Jr.*
                                             ERNEST CORDERO, JR.
                                             Assistant U.S. Attorney